PARROTT *v.* ALABAMA GOLD LIFE INS. Co.

*(Circuit Court, N. D. Texas.* December 15, 1880.)

1. REMOVAL.—EXCEPTION TO PROCESS—JURISDICTION OF PERSON OF DEFENDANT.

The application of a defendant for the removal of a cause from a state to a federal court, does not constitute a waiver of the use and service of proper process of summons or citation in the cause, where the first action of the defendant, in both the state and federal courts, was to except to the process by which it was attempted to give those courts jurisdiction of his person.

2. SERVICE OF PROCESS—NON-RESIDENT CORPORATION—PERSONAL JUDGMENT.

A certified copy of a petition and a writ called a "citation," directed "to any person residing in Mobile county, Alabama, competent to make oath of the fact of service hereof," was attempted to be served, in accordance with a statute of the state of Texas, (Sess. Acts 1875, p. 170,) on a defendant corporation, by delivering the same to the president of such corporation at Mobile county, Alabama, by a person who made oath that he made such delivery. *Held,* that such service would not authorize such personal judgment against the non-resident corporation as could be enforced by execution against any property of the defendant found within the state of Texas.—[ED.

*Pennoyer* v. *Neff*, 95 U. S. 714.

Motion to Quash Service of Process.

McCORMICK, D. J. Two questions occur on the consideration of this motion: (1) Has the defendant been served with process such as can compel an answer to plaintiff's suit, or permit the court to proceed with the case were no answer, or appearance made by the defendant? (2) Has the defendant, by obtaining a removal of this cause from the state court and having the transcript entered here, made such an appearance, either in that court or in this, in said cause, as dispenses with the requirements for bringing in parties by service of process?

The last question will be considered first, as, if it is determined in the affirmative, the other question becomes immaterial. The statute in reference to removal of causes under which this case is brought here explicitly declares that after reaching this court the case shall proceed as if originally brought in this court. The proceedings for removal appear

to be no part of the case for any other purpose than to effect the removal of the case from the state court to this court in the precise condition said case presented in the state court at the time the application for removal was presented to that court. That application cannot certainly be taken as a consent to submit to the jurisdiction of the state court; and, as I understand the doctrine of appearance taking the place of or dispensing with the use of process to bring parties under the jurisdiction of the court, there must be some action of the party which reasonably evidences a voluntary submission to the jurisdiction of the court over the person of the party. In this case the defendant's first action in the state court is to except to the process by which it was attempted to give that court jurisdiction of the person of the defendant. And the first action of the defendant after the case reached this court was to interpose that exception here. I am, therefore, constrained to hold that the defendant has not waived the use and service of proper process of summons or citation in this case.

It becomes necessary, then, to consider the other question: Has the defendant been properly served with due process of summons or citation in this case? Service was attempted to be made under the act of the legislature of this state of 1875; "prescribing the mode of service in certain cases," (Session Acts 1875, p. 170,) by having a certified copy of the petition and a writ called a "citation," directed "to any person residing in Mobile county, Alabama, competent to make oath of the fact of service hereof," served on the defendant by delivering to the president of the defendant company, in said Mobile county, Alabama, said certified copy of petition, and a true copy of said writ, by a person who makes oath that he made said delivery. No affidavit that the defendant was a non-resident was made by any one, and no publication of any writ of citation was made, or any method of service attempted other than that above indicated. But, in the view I feel constrained to take of the question under the authorities, it is wholly immaterial whether the method pursued in this case meets the requirements of the act of 1875, above referred to,

or not.   It is clear to my mind that any service, however made, by the authority and power of a court of this state, under the laws of this state, executed in another state, cannot have any greater effect than that pertaining to what is generally styled service by publication.   As to the effect within the state where the suit is pending of service by publication of notice or citation to a non-resident party, there appears to be a marked difference of opinion and judgment between the state courts of this state and the courts of the United States. I am not sure that an authoritative decision has been made on this question by the supreme court of this state, but the language of the justices delivering the opinion of that court in *Campbell* v. *Wilson*, 6 Texas, 379, and in numerous subsequent decisions down to and including *Wilson* v. *Zeiglar*, 44 Texas, 657, clearly indicates the judges of the supreme court of this state have been of opinion that service by publication of citation, under the statutes of this state, to a non-resident defendant, would authorize such a personal judgment against the defendant as could be enforced by execution against any property of the defendant found in this state.   And it is believed that this opinion has been very generally held and acted upon by the legal profession and by the courts of original jurisdiction in this state.   This question came directly before the supreme court of the United States in the case of *Pennoyer* v. *Neff*, (95 U. S. 714,) and the judgment of that court in that case, to use the language of Mr. Justice Hunt, as found in his dissenting opinion, "is based upon the theory that the legislature had no power to pass the law in question ; that the principle of the statute is vicious, and every proceeding under it void.   It (the judgment) therefore affects all like cases, past and future, and in every state."   I will not repeat, or attempt to add to, the reasoning of the opinion of the court as announced by Mr. Justice Field.   That decision is conclusive of the question in this court, and on the authority of that case the proceedings by which service was attempted to be had on the defendant in this case are held to be void, and on the grounds above indicated.   The motion to quash is sustained.

NOTE.   See *Blair* v. *Turtle, infra.*