## SMALL *v.* MONTGOMERY.[1]

(*Circuit Court, E. D. Missouri.* September 27, 1883.)

**PRACTICE—WAIVER OF OBJECTION TO ILLEGAL SERVICE OF PROCESS.**

The appearance of a defendant in a case pending in a state court, for the purpose of filing a petition for removal to a federal court, does not constitute such a general appearance as operates a waiver of defective or illegal service of process, so as to prevent his raising any objection to such service after the removal.

Demurrer to Replication.

This is a case removed to this court from the circuit court of the city of St. Louis, at the instance of the defendant, who is a citizen of the state of Tennessee. After the removal the defendant filed a plea in abatement, in which he stated that prior to the institution of this suit he was indicted in the St. Louis criminal court for obtaining money under false pretenses; that he was arrested, and gave bond to appear and answer to said charge when ordered so to do by the court; that he then returned to his home in Tennessee, and did not come back to Missouri until compelled by an order of said court, when he appeared to answer to said charge; and that while attending court to answer to said charge against him, and immediately after the case against him was dismissed, he was served by a deputy sheriff of the city of St. Louis with a copy of the complaint and summons in this case, though privileged from service of process at the time, and that the service on him was, therefore, illegal and void. The plaintiff, in his replication, stated that the defendant had waived any objection he might have made to said service by appearing before the St. Louis circuit court, and filing a petition for a removal of the case to this court.

*M. B. Jonas* and *C. H. Krum,,* for plaintiff.

*Jamison, Collins & Jamison,* for defendant.

TREAT, J. The only question presented is whether the special appearance of defendant in the state court, whence the cause was removed, for the purpose of having said removal to this court, constitutes such a general appearance as operates a waiver of defective or illegal service, so that objection to said service cannot be here raised. Judge DRUMMOND, in the case cited by counsel for defendant, holds that such special appearance is not a waiver of defendant's rights, nor does it operate as a general appearance, nor prevent his objecting in the federal court to the service. *Atchison* v. *Morris,* 11 FED. REP. 582.

Reference is made to the case of *Sweeney* v. *Coffin,* 1 Dill. 73, decided in 1870 by this court, in which it was held that under the act of 1789 this filing of a motion for removal was a sufficient appearance for

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

that purpose without entering a general appearance in technical form.

The question arose on a motion to remand, because the record did not disclose such general appearance entered at the time of filing the petition for removal, as that act required. That case is clearly distinguishable from the present in many respects. Questions of actual and of constructive service under the state law had also to be considered, and the binding effect of a valid constructive service to bring the defendant into court, although such service was not valid in federal courts. When the case was removed, the original service was held to have the same effect as before removal.

Valid service is as effective as a voluntary appearance. And hence, under the act of 1789, the court ruled that in the case then before it, proper service having been had, the filing of the petition was a sufficient compliance with the terms of that act as to appearance. No question of waiver was presented.

The case of *Werthein* v. *Cont. Ry. & T. Co.* 11 FED. REP. 689, was decided under a rule in the state court which required "all pleas in abatement  *  *  *"  to "be filed on or before the opening of the court on the day following the return-day of the writ," which, in that case, was on September 13th, on which day the defendant appeared, but filed no plea in abatement. On September 22d the defendant filed his petition for removal. After the case was removed to the federal court, the defendant filed there his plea of abatement; and the court properly held that he had, by his inaction or failure to comply with the rule stated, waived his privilege. In the case now under consideration, the petition for removal was filed before the time for pleading had expired.

The language of Judge CURTIS in *Sayles* v. *Ins. Co.* 2 Curt. C. C. 212, seems to be broad enough to sustain the views of plaintiff's counsel; but that eminent judge put the appearance for the removal of the cause upon the same footing as pleading to the merits, whereby pleas in abatement are waived. There is, however, a marked distinction between the two procedures. The former is had merely to secure the constitutional and statutory right to have all questions heard and disposed of solely by the federal court; and the latter is by established law a waiver of all authenticated or dilatory pleas, with one exception, so that the party puts himself exclusively upon the merits of the controversy.

The act of 1875 differs from the act of 1789 as to the time of filing the petition, and says nothing as to the formal appearance entered. It has been often held that while a general appearance waives defective service, yet a special appearance, as in this case, has no such effect. We concur fully in the decision of Judge DRUMMOND, *supra*. See, also, *Blair* v. *Turtle*, 1 McCrary, 372; [S. C. 5 FED. REP. 394.]

The demurrer is sustained

McCRARY, J., concurs.