HENDRICKSON *v.* CHICAGO, R. I. & P. RY. CO.[1]

WESSINGER *v.* SAME.

WHITNEY *v.* SAME.

*(Circuit Court, D. Minnesota.  December Term, 1884.)*

REMOVAL OF CAUSE—APPEARANCE IN STATE COURT—WAIVER OF JURISDICTION —MOTION TO DISMISS.

> Under the act of 1875 a special appearance in the state court for the purpose of removal is not a waiver of jurisdiction, and after removal to the circuit court a motion to dismiss the case for want of jurisdiction may be made.

On Motion to Dismiss.

*A. B. Jackson* and *C. K. Davis,* for plaintiffs.

*J. D. Springer,* for defendant.

NELSON, J., *(orally.)*  In the cases of *Hendrickson, Whitney, and Wessinger* against *Chicago, Rock Island & Pacific Railway Company,* three separate cases against the same defendant, a motion is made on the part of counsel for the railroad company to dismiss, on the ground that the court has no jurisdiction.  These suits were instituted in the county of Hennepin, and were brought to recover damages for personal injuries by the respective plaintiffs.  The injuries were inflicted in the state of Missouri, and the defendant corporation has no place of business in this state, and transacts no business therein.  Service was obtained by a writ of attachment, attempting to attach a debt under the statute, but there was a failure to make proper affidavits, on the part of the plaintiffs, to obtain an order legally for service of process by publication; this is conceded.  The suits were brought in the state court of the county of Hennepin, and a motion was filed in that court to dismiss for want of jurisdiction, and immediately petitions were filed and bonds given to remove the cases to this court.  The motion is renewed to dismiss the cases here for want of jurisdiction.  The claim is made on the part of the plaintiffs, that the defendant, having appeared in the state court, for the purpose of removing the cases and filing a petition, etc., waived all irregularities, and cannot take ad-

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

vantage of them in this court. I think the decisions are the other way, under the act of 1875, particularly in this circuit and in Michigan. Evidently it was a special appearance for the purpose of removal to this court. It cannot be said that an appearance for the particular purpose of removal is a general appearance so as to give the court jurisdiction of the party, and a waiver of all irregularities. The case cited by Judge BROWN, of Michigan, and the one decided by Judge TREAT in this circuit, are in point, and I think there are one or. two others. Under the statute of 1875 a special appearance for the purpose of removal is not a waiver of jurisdiction. The motion for dismissal is granted.