REIFSNIDER *v.* AMERICAN IMP. PUB. CO. *et al.*

*(Circuit Court, E. D. Missouri, E. D. March 27, 1891.)*

1. REMOVAL OF CAUSES—APPEARANCE—SERVICE OF PROCESS.
   A special appearance merely to file a petition and bond for removal does not preclude the defendant from subsequently moving to quash the service of process.
2. FOREIGN CORPORATION—JURISDICTION.
   No jurisdiction of a foreign corporation which does not maintain an office or transact business within the state is acquired by service of process on the president thereof when he is within the state casually on private business.

At Law.
This suit was removed from the state circuit court. Process was served on October 7, 1890, at the city of St. Louis, Mo., by delivering a copy of the writ and petition to D. M. Parry, president of the defendant corporation. On the 20th day of October the corporation appeared specially in the state court for the purpose of removing the cause to this court. Having effected a removal of the cause, it filed in this court a plea in the nature of a motion to quash the service of process upon the corporation. Plaintiff moved to strike the plea from the files.
*Geo. D. Reynolds, Frank E. Richey*, and *W. M. Kinsey*, for plaintiff.
*Frank, Dawson & Garvin*, for defendants.

THAYER, J.   The contention that the appearance of the defendant company in the state court for the purpose of filing a petition and bond for removal was, of necessity, a general appearance, and that the foreign corporation thereby submitted itself to the jurisdiction of the court, and waived all right to question the legality of the service had upon it, is not tenable.   It is true that an appearance for removal under the twelfth section of the judiciary act of 1789 was held to have the effect claimed in *Sayles* v. *Insurance Co.*, 2 Curt. 212; and in *Sweeney* v. *Coffin*, 1 Dill. 73, Judge TREAT held that the filing of a petition and bond for removal was an appearance, within the meaning of the twelfth section of the old judiciary act, and that no other appearance was necessary.   But it has been very generally held, under subsequent removal acts, that an appearance merely to file a petition and bond for removal does not preclude a party from subsequently moving to quash the service of process, on the ground that the service was illegal, or otherwise insufficient to warrant a judgment.   In *Atchison* v. *Morris*, 11 Fed. Rep. 582, Judge DRUMMOND denied that a party by removing a cause to a federal court thereby waived his right to question the validity of the service by which jurisdiction had been acquired.   "It may have been," says Judge DRUMMOND, "among other reasons, for the very purpose of objecting to the service of summons the defendant requested that the cause should be removed to the federal court, because in a proper case a party has the right to the opinion of the federal court on every question that may arise in the case, not only in relation to the pleadings and merits, but to the service of process; and it would be contrary to the manifest intent of the act of congress to hold that a party who has a right to remove a cause is foreclosed as to any question which the federal court can be called upon under the law to decide."   Judges McCRARY and TREAT in a case tried in this court (*Small* v. *Montgomery*, 17 Fed. Rep. 865) also decided that an appearance for removal is not a waiver of any objection to the service whereby the removing party was brought into court; and the same point has been ruled the same way in several other districts and circuits under the removal act of 1875.   *Vide, Parrott* v. *Insurance Co.*, 5 Fed. Rep. 391; *Wertheim* v. *Trust Co.*, 11 Fed. Rep. 689; *Hendrickson* v. *Railway Co.*, 22 Fed. Rep. 569; *Kauffman* v. *Kennedy*, 25 Fed. Rep. 785; *Miner* v. *Markham*, 28 Fed. Rep. 387; *Clews* v. *Iron Co.*, 44 Fed. Rep. 31.

There can be no reasonable doubt of the defendant's right to contest the validity of the service, notwithstanding the fact that it removed the cause from the state court.   Now the plea which has been filed in this court by the defendant company to quash the service alleges, in substance, that when the writ was served on its president he was in this state casually on private business of his own; that the company is a foreign corporation of the state of Indiana, and has never transacted any business in this state, or maintained any office, officer, or agent or employe within the state.   I do not understand the state courts to hold that they acquire jurisdiction to render judgment against a foreign corporation by a service made under the circumstances disclosed by the defendant's plea.   On the contrary, I understand that service upon an officer or agent of a for-

eign corporation is only upheld as effectual to bring the corporation into court in those cases where the corporation maintains an office or transacts business within the state. *McNichol* v. *Reporting Agency*, 74 Mo. 457.

The motion to strike the plea from the files will be overruled.