KINNE et al. v. LANT.

(Circuit Court, E. D. Michigan. May 13, 1895.)

No. 8,056.

1. REMOVAL OF CAUSES — MOTION NOTICED AFTER APPLICATION — WAIVER OF IRREGULARITY.

Where, after a petition and bond for removal of a cause from a state court have been filed, but before they have been called to the attention of or passed on by such court, a motion is made therein by the defendant, which is afterwards brought on for hearing in the federal court, the plaintiff waives any irregularity, by seeking an adjournment of the hearing in the federal court for his own convenience, without objection on such ground.

2. SAME—APPEARANCE.

A petition for removal of a cause from a state to a federal court, which is qualified by a statement that the attorneys for the petitioner appear specially for the purpose of such petition only, does not constitute a general appearance or cure defects in the service of process.

3. SERVICE OF PROCESS—PRIVILEGE OF SUITOR.

A suitor who has come from his home into a foreign jurisdiction, upon the request of his counsel and for the purpose of consultation with such counsel during the argument of a demurrer, is privileged from the service of process, in any part of such jurisdiction, during the argument and pending a temporary adjournment thereof for the convenience of the court.

This was an action by Edward D. Kinne and Otis C. Johnson, surviving executors of the estate of Lucy W. S. Morgan, deceased, against George Lant, Sr. It was commenced in a court of the state of Michigan, and removed into the federal court by the defendant, who now moves to set aside the service of process.

Lawrence & Butterfield and Bowen, Douglas & Whiting, for plaintiffs.

Fraser & Gates, for defendant.

SWAN, District Judge. This is an action on the case commenced in the circuit court for the county of Washtenaw, on the 26th day of September, 1894, by the service of a summons upon the defendant, by the sheriff of Washtenaw county. On the 28th of September defendant filed his petition in the circuit court for the county of Washtenaw, for the removal of the cause to this court. This petition was duly verified, and was accompanied by the bond required by the act of congress of March 3, 1887, and it was qualified upon its face by the statement that the attorneys for the petitioner appeared specially for the purpose of the petition, and not otherwise. The petition was not presented nor called in any manner to the attention of the state court. On the next day the defendant entered, in the state court, a motion to set aside the service of process upon him, on the ground that such service was made while he was in attendance upon this court as a suitor in equity, and during the pendency of a hearing herein in a cause in which the defendant was complainant, and the plaintiffs in this cause, and others, were defendants, and therefore was privileged from the service of process of the state court. This motion was erroneously entitled in the

circuit court for the county of Wayne, and carefully disclaimed any and all intention of entering an appearance to the action in the state court, except for the purpose of the motion, and expressly limited defendant's appearance to said purpose only. The notice attached to the motion notified the attorneys for plaintiffs that the motion was entered in the special motion book kept by the clerk of the circuit court for the county of Washtenaw, in his office, in the city of Ann Arbor, in said county, and that the attorneys for the defendant "appeared specially in the cause, for the purpose of said motion only, and that the making of said motion is in nowise a waiver of any proceedings to remove said cause to the circuit court of the United States for the Eastern district of Michigan," and also that the proceedings for such removal were for the primary purpose of invoking the judgment of said United States court upon the jurisdictional question of said defendant's privilege as a suitor therein, upon the facts set forth in said motion and affidavit. Notice of this motion was duly served upon the attorneys for the plaintiffs in the cause, in the state court, on the day of the filing of the same in said court. On the 2d day of October, 1894, upon defendant's application to the court, the circuit court for the county of Washtenaw made an order removing the cause to this court upon the said petition of defendant. After the filing of the transcript of the record in this court, the motion to vacate and set aside the service of the process made upon defendant, Lant, was noticed for hearing in this court. Upon the application of plaintiff's counsel, the hearing was postponed to meet his convenience, and, at the adjourned time, was duly heard. The defendant, Lant, is a resident of Evansville, Ind., and a citizen of said state. The plaintiffs are citizens of Michigan. At the time of the service of the summons upon defendant, a hearing was in progress in the suit pending in this court, in equity, wherein said Lant is complainant, and the plaintiffs in this cause, and others, are defendants. Under the advice of his counsel, whose affidavit establishes that he required the presence of Lant in the equity cause upon the argument of the demurrer to the bill of complaint filed by him in this court, Lant came into this district, both to attend the argument and also to confer with his counsel, at the latter's request, concerning certain matters of fact connected with said equity cause, and the management thereof. It also appears, by Lant's affidavit and that of his counsel, that he came here, upon that occasion, under the assurance of his counsel, Jasper P. Gates, Esq., that while in the Eastern district of Michigan, for the purposes aforesaid, he would be privileged from the service of legal process, and would be protected therefrom by this court, in which his suit was pending. The demurrer to the bill in equity was heard in part on the 21st of September, 1894, and deponent was present, as he states, pursuant to said advice, and for the purposes above stated. Because of other business before the court, the argument of the demurrer was not concluded, and the further hearing thereof was postponed, under the intimation that the court would hear the conclusion of the ar-

gument during the then present week. Lant was advised by his counsel that his privilege and exemption from the service of process, as a party to the cause in equity, continued, and he stayed, for the purpose of consulting and advising with his said counsel with reference to the cause, and its conduct, until the conclusion of the argument upon the demurrer. Pending the resumption of that argument, and under the advice of his counsel, Lant remained in the district. While so waiting the convenience of the court in the premises, Lant went to the city of Ann Arbor, in this district, for the purpose of making inquiries relative to certain matters of fact connected with his cause in this court, and while there was served with the summons at the suit of the plaintiffs in this cause, which service he now asks to be vacated and held for naught, on the ground that he was privileged therefrom as a suitor attending this court.

1. The first ground of objection on the part of the plaintiffs to the motion is that the same is not properly before the court, because it was entered in the state court after the petition and bond for removal had been filed; and, coupled with this, it was also urged that the motion, being entitled in the circuit court for the county of Wayne, instead of the circuit court for the county of Washtenaw, was not properly before the court. Both these objections are purely technical, and if they possessed any original force, have been waived by the conduct of plaintiffs' counsel in recognizing them as properly before the court, and requesting postponement of the argument upon the motion, thereby leading the defendant to assume the regularity of the paper and the procedure for the relief prayed. In this view of the matter, it is unnecessary to decide whether the state court lost jurisdiction of the cause by the mere act of filing the petition and bond for its removal, so that the subsequent filing of the motion in that court, before the petition and bond for removal were called to the attention of the state court, was entirely nugatory. It would seem, notwithstanding it has frequently been said in terms "that the filing of the petition and bond for removal deprive the state court of jurisdiction," that some further act would be necessary to work that result, and that it would not be successfully claimed that a party would be entitled to the removal of a cause by the mere deposit and filing of the papers with the clerk of the state court, without advising the court itself of his action, and asking, at least, for the usual order of removal. He could not, for example, sit silently by, and permit the court to dispose of his cause, without insisting upon the rights to which his compliance with the removal act would entitle him. But inquiry into the effect of the mere filing of the petition and bond is made immaterial by the recognition by plaintiffs' attorneys of the motion as one proper to be heard in this court, and ignoring the clerical error in the name and the irregularity, if any, of filing the motion in the state court, after having filed therein the petition and bond for removal. Had these objections been promptly made, and notified to counsel as objections to the propriety of the motion, a different question would have been presented.

2. The next objection made to the motion is that the filing of the petition for removal was an appearance and a waiver of any objection of the service of process. If the petition for removal had been unqualified, this would doubtless defeat the motion, agreeably to the rule that a general appearance heals all defects in the service of process, but this is not the case here. The petition for removal was signed, "Fraser & Gates, attorneys for said petitioner, who appear herein specially for the purposes of the above petition, and not otherwise." It is properly conceded by plaintiffs that where a special appearance is entered in the first instance, and limited solely for the purpose of removal, it is not a waiver of defect in the service of process, nor a submission by the party sued to the jurisdiction of the court. The authorities to this effect are numerous: Parrott v. Insurance Co., 5 Fed. 391; Small v. Montgomery, 17 Fed. 865; Miner v. Markham, 28 Fed. 387; Perkins v. Hendryx, 40 Fed. 657; Golden v. Morning News, 42 Fed. 112; Clews v. Iron Co., 44 Fed. 31; Reifsnider v. Publishing Co., 45 Fed. 433; Bentlif v. Finance Corp., 44 Fed. 667; Hendrickson v. Railroad Co., 22 Fed. 569; McGillin v. Claflin, 52 Fed. 657; Railway v. Brow, 13 C. C. A. 222, 65 Fed. 941, 950; Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44; Goldey v. Morning News of New Haven, 15 Sup. Ct. 559.

In Railway Co. v. Pinkney, 149 U. S. 194, 209, 13 Sup. Ct. 859, the question of the effect of a special appearance under the statute of Texas was considered by the court, it being contended in argument that as the statute of that state made an appearance to question the jurisdiction of the court a general appearance, so as to bind the person of the defendant, the statute must be followed in the federal courts in that state. The court say:

"The effect of a statute of a state giving such an operation to an appearance for the sole purpose of objecting to the jurisdiction of the court would be practically to defeat the provisions of the federal statutes which entitle it to the right to have this court review the question of the jurisdiction of the circuit court. Under well-settled principles, this could not and should not be permitted, for wherever congress has legislated on or in reference to a particular subject involving practice or procedure, the state statutes are never held to be controlling. In Harkness v. Hyde, 98 U. S. 476, it was held by this court that illegality in the service of process by which jurisdiction is to be obtained is not waived by the special appearance of the defendant to move that the service be set aside, nor, after such motion is denied by his answering to the merits. Such illegality is considered as waived only when he, without having insisted upon it, pleads in the first instance to the merits."

The court therefore, it being established that the plaintiff in error was never brought before it by any proper or legal process, held the circuit court was without jurisdiction to proceed in the case, and reversed its judgment.

3. The main question argued in support of the motion was the amenability of defendant, Lant, to service of process, he being then in attendance in this district as a suitor in this court. A defendant here as a suitor, and not within the jurisdiction of his residence, is generally privileged from arrest on civil process, and equally from the service of such process while going to and returning from attendance upon the suit to which he is a party, and is entitled to the

same exemption if he comes as a witness in the cause. That both suitors and witnesses are exempt from arrest in a jurisdiction other than that of their residence, during the trial or hearing of a cause in which they are concerned, and for a reasonable time after its conclusion, in the court in which they have attended, is generally held, and "the reasons for such exemption are," as said by Judge Cooley in Mitchell v. Circuit Judge, 53 Mich. 542, 19 N. W. 176, "applicable, though with somewhat less force, in other cases also." In Harris v. Grantham, 1 N. J. Law, 142, it was held that even a common appearance could not be secured by serving a capias on a party while in attendance on the court. In Hammerskold v. Rose, 7 Jones (N. C.) 629, it was held that the privilege of immunity from the service of process belonged to the suitor, not only when in attendance upon court, but while going to and remaining at court, and returning home. In Matthews v. Tufts, 87 N. Y. 568, it was ruled that where the defendant in any action is a nonresident, the summons cannot be served upon him, while he is attending the court of that state as a party. In Bank v. McSpedan, 5 Biss. 64, Fed. Cas. No. 7,582, the court held a nonresident exempt from service of process, if he comes into the state for the purpose of presenting or defending a cause. In Parker v. Hotchkiss, 1 Wall. Jr. 269, Fed. Cas. No. 10,739, the suitor attending court was held privileged from service of process either by summons or capias. The case of Blight v. Fisher, Pet. C. C. 41, Fed. Cas. No. 1,542, holding that the privilege of a suitor or witness extended only to exemption and from arrest, was overruled by Judge Kane in Parker v. Hotchkiss, cited supra, with the concurrence, as stated by him, of Mr. Justice Grier and Chief Justice Taney. In Bridges v. Sheldon, 18 Blatchf. 507, 515, 7 Fed. 17, the question is elaborately considered by Judge Wheeler, who says: "The privilege to parties to judicial proceedings, as well as others required to attend upon them, of going to the place where they are held, and remaining so long as is necessary, and returning, wholly free from the restraint of process in other civil proceedings, has always been well settled and favorably enforced. * * * It extends to every case where attendance is a duty in conducting any proceeding of a judicial nature." It was not uncommon, formerly, to issue a writ of protection out of the court which the party was attending as a suitor or witness, but it is no longer usual, as the court, in the enforcement of its own authority and dignity, protects the witness or the party, on the ground that the object of the privilege was that the person should not be drawn into a foreign jurisdiction, and there be exposed to be entangled in litigation far from his home, and subjected to the expense thus entailed. It is obvious that, whether the process be for the arrest of the person or by the mere service of a summons upon him, he would incur almost equal annoyance and expense, and that there is no tenable distinction, on principle, between the two methods of service of process. Both are equally within the mischiefs intended to be prevented by the rule which protects a party against such service. They differ only in the degree of annoyance and expense inflicted on the defendant. In Halsey v. Stewart, 4 N. J. Law, 366, it is said that a

party who cannot attend to his suit without being liable to such service would be under a personal restraint from which those engaged in the administration of justice have a right to be free. In Miles v. McCullough, 1 Bin. 77, the summons was served upon the defendant while attending court, and, on motion to vacate such service, the court said that it had been repeatedly ruled that a suitor was equally privileged from the service of both capias and summons under such circumstances, and set the service aside. In Plimpton v. Winslow, 9 Fed. 365, the defendant was served with process by his adversary in New York while attending the examination of witnesses before an examiner, where the testimony was being taken in a suit pending in the circuit court for the district of Massachusetts. Judge Blatchford said, upon motion to set aside the service of the subpœna, on the ground that the privilege of the defendant was violated:

"The defendant attended as a party before the examiner. The examination was made a regular proceeding in the suit in Massachusetts. The defendant had a right to attend upon it in person, whether he was to be himself examined as a witness before Mr. Thompson, a special examiner, or not, and he had a right to be protected, while attending upon it, from the service of the papers which were served in this suit. He attended in good faith. The examination was pending, and he was served during the interval of an adjournment. The privilege violated was a privilege of the Massachusetts court, and one to be liberally construed for the due administration of justice."

The defendant's motion to vacate the service was granted. To the same effect are Brooks v. Farwell, 1 McCrary, 132, 4 Fed. 166, and Larned v. Griffin, 12 Fed. 590, where the authorities are fully recapitulated in the opinion of Judge Colt. See, also, Atchison v. Morris, 11 Fed. 582.

Without further citations, which are rendered unnecessary by the able discussions of the question to be found in the cases given, it is clear that the defendant is entitled to have this motion granted. While it is true that no examination of witnesses was pending at the time, nor was he here under the compulsion of legal process, yet, as a party to the suit pending in this court, he had a right to be present in his own interest at any stage of the litigation, when advised by his counsel that his presence was necessary for the proper conduct of the cause. He attended in good faith, and, although the question under discussion at the time of his arrival and during his stay was purely legal, it cannot be said, in view of the facts set forth in his affidavit and that of his counsel as to the necessity of his presence, that he was needlessly here. The decision of the court upon the demurrer would, if adverse to him, necessitate the amendment of the bill, and presumably require his presence here for that purpose, and for the verification of the amended bill, as well as for the purpose of consultation with his counsel as to the course to be pursued in the cause. It is not claimed, nor is it a fact, that the cause of action in the plaintiffs' declaration in this cause arose during Lant's presence here, but the contrary is impliedly admitted, as it appears that in this suit he is proceeded against for matters which transpired long prior to his coming to attend the argument of the demurrer. Notwithstanding the postponement of the argument, the defendant was still under the protection of the court as to

the matter for which this suit is brought, and there seems to be no reason or principle upon which he can be held to have lost his privilege because, during the adjournment of the argument, he proceeded to Ann Arbor upon business connected with that litigation. The protection accorded him as a suitor, so long as he did not misconduct himself, it seems to me entitled him, during the pendency of the hearing, to go anywhere within the district while the hearing was pending. The motion to set aside the service of process in this cause must therefore be granted.