ALTENBERND, Judge.
The trustee for the three children of *1360 Richard L. Moore appeals[1] an order of the probate court which determined that it has no jurisdiction to require Mrs. Tulin Moore, the personal representative of the estate of Richard L. Moore, to perform an accounting or to return assets to the probate estate. The probate court made this determination because Mrs. Moore is in this country by virtue of an extradition treaty between the United States and Switzerland. To the extent that the probate court determined it had no power to punish Mrs. Moore for events preceding her extradition, we affirm. We reverse, however, to the extent that the probate court concluded it lacked jurisdiction to order the personal representative to perform functions of her position that she is legally obligated to perform at this point in time. If she fails to perform these tasks in the future, it does not appear that the extradition treaty between the United States and Switzerland would preclude the use of criminal contempt to punish any future disobedience.
Richard L. Moore died in Pinellas County in 1985. His estate is still pending in that county. Mrs. Moore was appointed personal representative in May 1985. By his will, Mr. Moore left a substantial portion of his estate to his three children from a prior marriage. These children are represented by the trustee in this case.
Beginning in March 1986, Mrs. Moore paid certain amounts to herself or for her benefit from the probate estate. These activities culminated with a transfer in April 1987 of $360,000 from the estate to her bank account in Turkey. Shortly thereafter, Mrs. Moore departed Florida to live in Turkey.
As a result of these activities, legal proceedings occurred on two fronts. In the estate, the trustee obtained an order freezing the remaining assets of the estate and eliminating Mrs. Moore’s authority to control those assets. Mrs. Moore, however, was never removed as personal representative. Instead,- an administrator ad litem was appointed to prosecute the estate’s claims against Mrs. Moore.
In her absence, the probate court conducted a trial and entered a final judgment against Mrs. Moore on March 28, 1988, surcharging her for and ordering the return of five separate sums. The surcharges over and above the $360,000 transfer total approximately $175,000. Additionally, the judgment requires Mrs. Moore to file a written detailed accounting. Mrs. Moore has not complied with this judgment.
In addition to the probate proceeding, the state filed grand theft charges against Mrs. Moore in 1988 concerning the $360,-000 transfer, but not the earlier transactions.[2] Since Mrs. Moore was outside the jurisdiction of the circuit court, nothing happened in this criminal proceeding until 1989 when the state determined that Mrs. Moore made frequent trips from Turkey to Switzerland to visit her daughters. As a result, the United States made a formal request of Switzerland for her extradition.
In late 1990, Switzerland honored the request of the United States and Mrs. Moore was returned to Pinellas County to stand trial on the grand theft charges. On February 28, 1991, she pleaded nolo con-tendere to the criminal charge and was sentenced to five years’ probation, conditioned upon serving six months in jail. She was also ordered to pay restitution concerning the grand theft and apparently has paid $525,000 in restitution. This amount, however, does not include any payment for the four transactions totalling $175,000 which were not a subject of the criminal proceeding.
Once Mrs. Moore had been extradited to Pinellas County, the trustee filed a motion *1361 for civil and criminal contempt in the probate proceeding and served the motion on Mrs. Moore. The motion seeks to require Mrs. Moore to provide an accounting and pay the remaining amounts described in the probate court’s final judgment. The motion requests typical criminal and civil sanctions.
Mrs. Moore filed a response to the motion in which she contends that the probate court has no jurisdiction or authority to take any action against her. She correctly notes that she was extradited to this country against her will. The extradition is based on a treaty between the United States and Switzerland which was signed in Washington, D.C., on May 14, 1900. The critical provision of that treaty states:
No person surrendered by either of the Contracting States to the other shall be prosecuted or punished for any offense committed before the demand for extradition, other than that for which the extradition is granted....
Mrs. Moore maintains that the four transactions which predate the grand theft are offenses which were committed before the demand for extradition and, accordingly, the probate court cannot proceed on this matter under an extradition which is limited to the grand theft.
The probate court agreed that the extradition did not authorize it to proceed in contempt and, accordingly, refused to assert personal jurisdiction over Mrs. Moore. We agree that the probate court’s powers appear to be restricted by the extradition. We do not agree, however, that the probate court has lost personal jurisdiction over the personal representative to order her to perform her functions as required by Florida law.
The case law concerning international extradition is neither recent nor particularly helpful in this case. United States v. Rauscher, 119 U.S. 407, 7 S.Ct. 234, 30 L.Ed. 425 (1886); Smith v. Government of Canal Zone, 249 F. 273 (5th Cir. 1918); In re Reinitz, 39 F. 204 (C.C.S.D.N. Y.1889). Under the principle of specialty, as stated in Rauscher, a person who is brought into the country generally can be tried against her will only for the offense described in the extradition order. 'See Rauscher, 119 U.S. at 430, 7 S.Ct. at 246, 30 L.Ed. at 432. See generally 35 C.J.S. Extradition § 46 (1960); 31A Am.Jur.2d Extradition § 154 (1989). Despite the criminal tone of the language contained in the treaty, the decisions suggest that such treaties also prevent some civil proceedings. Smith; Reinitz. See also 31A Am. Jur.2d Extradition § 159 (1989). Recently, the United States Supreme Court declined to answer whether the principle of specialty shielded a person from service of process in a civil suit. Van Cauwenberghe v. Biard, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988).
In light of these authorities, we have not been convinced by the trustee that the probate court, through its criminal contempt powers, has the authority to enforce the 1988 final judgment for actions which occurred prior to the request for extradition. If we err on this point, we would prefer to err in deference to the treaty.
On the other hand, the probate court has had personal jurisdiction over Mrs. Moore in her capacity as personal representative since 1985. Mrs. Moore agreed to this personal jurisdiction long before she left for Turkey or Switzerland. She is and has been obligated to perform her duties as personal representative. § 733.601, Fla.Stat. (1985). Although she has been divested of her authority to transfer assets of the estate, the probate court clearly has existing jurisdiction to require her to perform the reasonable and necessary functions of her position.
Thus, without any additional service of process, the probate court can order Mrs. Moore to prepare an accounting. If she fails to perform that function, her disobedience will be an “offense” occurring after the extradition. If the results of an accounting establish that a surcharge is ap *1362 propriate, she can be ordered to reimburse the estate at this time for any funds missing due to her fault. § 733.619, Pla.Stat. (1985). If she fails to obey this new order, that will also be a matter occurring after the extradition.
The fact that the funds may have been removed from the estate prior to the extradition does not preclude all efforts to recover those funds at this point in time from a person who has been subject to the court’s jurisdiction at all relevant times. Unlike the defendant in Smith, it is clear that this probate court already had jurisdiction over Mrs. Moore when the funds were removed and before she was extradited. No additional service of process is necessary to perfect the power of the probate court over Mrs. Moore unless it opts to use its powers of criminal contempt for acts- occurring after the extradition. Fla.R.Crim.P. 3.840. The “right not to be burdened with a civil trial itself is not an essential aspect of” the principle of specialty. Van Cauwen-berghe, 486 U.S. at 525, 108 S.Ct. at 1951, 100 L.Ed.2d at 526. Thus, we conclude that the probate court is authorized to continue its existing jurisdiction and to subject the personal representative to all orders appropriate for her to fulfill her lawful duties. The extradition treaty merely prevents the probate court from punishing Mrs. Moore for her prior disobedience; it does not discharge her existing and future responsibilities to the estate and the probate court.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.-
RYDER, A.C.J., and DANAHY, J., concur.

. This matter was filed as an original proceeding seeking a writ of mandamus. We treat the petition for writ of mandamus as a notice of appeal from a probate order "determining the rights of any party_” Fla.R.P. & G.P. 5.100.

. The record also mentions a possible federal indictment, but the details of that are unclear.