BLISS v. SCHELL. See Case No. 1,549.

---

## Case No. 1,550.

BLIVEN et al. v. NEW ENGLAND SCREW CO.

[3 Blatchf. 111.] [1]

Circuit Court, S. D. New York. Nov., 1853.

REMOVAL OF CAUSES—FOREIGN CORPORATION.

Where, in a case removed into this court, under the 12th section of the judiciary act of September 24th, 1789 (1 Stat. 79), the defendant is a foreign corporation, this court has jurisdiction of the case, although no suit can be commenced in this court by original process against a foreign corporation.

[Cited in Winans v. McKean R. & Nav. Co., Case No. 17,862; Sands v. Smith, Id. 12,305; Rosenbaum v. Bauer, 120 U. S. 458, 7 Sup. Ct. 637.]

[See Barney v. Globe Bank, Case No. 1,031; Sayles v. Northwestern Ins. Co., Id. 12,421; Clarke v. New Jersey Steam Nav. Co., Id. 2,859.]

This was an action [by Charles Bliven and others against the New England Screw Company] commenced in a state court in New York against a Rhode Island corporation, by summons and attachment of their property. The defendant removed the case into this court, under the 12th section of the act of September 24th, 1789 (1 Stat. 79). The defendants now moved to quash the suit, on the ground that the defendants were a foreign corporation. [Motion denied.]

George William Wright, for plaintiff.
Edwin W. Stoughton, for defendants.

NELSON, Circuit Justice. If this were an original suit, the court would have no jurisdiction of it; because, no process known to the laws of the United States could be served upon the defendants, who, being a foreign corporation, cannot be found within the jurisdiction of this court, to be served with process. If, therefore, this suit had been commenced in this court, it would be quashed.

The state court, it is admitted, had jurisdiction of the case, and was entitled to proceed in it. It seems, also, to be conceded, that this corporation is a citizen of another state, within the meaning of the 12th section of the judiciary act of September 24th, 1789 (1 Stat. 79), and was entitled to have the case transferred from the state court to this court. But it is urged, that this court has no jurisdiction of the case, because it would have had none had it been commenced here. But this does not follow either logically or legally. The suit has been regularly brought into this court from a court which had jurisdiction of it. And, in such a case, I know of no exception to the rule that this court has jurisdiction. Unless this be so, all foreign corporations must be deprived of the benefit of that 12th section. Because, if a case be instituted in a state court which has jurisdiction of it, and be transferred to this court, and this court, on looking into it, finds the defendant to be a foreign corporation, and therefore decides against its own jurisdiction, it follows that this court can do nothing but remit the case to the court from which it came, and, which has jurisdiction. On these grounds, the motion must be denied.

[NOTE. For further litigation between the same parties, see Cases Nos. 10,156 and 10,157; 23 How. (64 U. S.) 420.]