[See Case No. 12,210.]

———

## Case No. 12,210.

### SADLIER v. FALLEN.

[2 Curt. 579.] [1]

Circuit Court, D. Rhode Island. June, 1856.

COURTS—FEDERAL JURISDICTION — NON-RESIDENT —INHABITANT.

Though a circuit court of the United States would have jurisdiction over a suit against an inhabitant of the district, if personal service were made on him by leaving a copy of the writ at his last and usual place of abode, and under the same process a direct or foreign attachment was made, yet if no personal service whatever was made, there is no jurisdiction, in the case of an inhabitant, any more than of a non-resident.

[Cited in Perkins v. Hendryx, 40 Fed. 657; Crocker Nat. Bank v. Pagenstecher, 44 Fed. 706.]

[This was an action by Dennis L. Sadlier and others against Lawrence Fallen and others. See Case No. 12,209.]

CURTIS, Circuit Justice. This is a motion to dismiss for want of jurisdiction. The suit was commenced by a writ of capias and attachment, in the form prescribed by the statute law of Rhode Island. This writ empowers and requires the officer to arrest the body of the defendant, and for want of the body, to attach his goods and chattels. The statute also provides, that when any person shall reside, or be absent out of this state, or shall conceal himself therein, so that his body cannot be arrested, the personal estate of such absent or concealed person lodged or lying in the hands of his attorney, agent, factor,

trustee, or debtor, shall be liable to be attached in the manner therein pointed out. A copy of the writ is to be served on the garnishee, and he is permitted to defend the suit. No provision is made for any personal service on the defendant; but if he shall not return into the state before the return day of the writ, the action is to be continued until the next term, and the defendant may answer to the action six days before such next term. If it appears that no effectual attachment has been made, the action is to be dismissed, and the person defending the suit is to recover his costs. Pub. Laws, p. 110, §§ 1, 3, 21, 25. In this case, the defendant is described in the writ as a citizen of the state of Rhode Island, and as of the city of Providence, in that state. The officer has returned that he could not find the body, and for want thereof, in obedience to the direction of the plaintiff, he had laid an attachment on his goods in the hands of Thomas Durfee. On this motion it must be taken to be true, that the defendant is a resident of Rhode Island, but either temporarily absent from or concealed in the state, at the time of the service of the writ. And the question is, whether the court has jurisdiction under the eleventh section of the judiciary act (2 Stat. 78). If the law of Rhode Island had made provision for notice to the defendant, in addition to the service of a copy of the writ on the garnishee, as is done in case of a direct attachment by the third section of this act, I should not find any difficulty in sustaining the jurisdiction. Because the defendant being an inhabitant of the state, is within the express words of the eleventh section of the judiciary act of 1789, and as to the particular mode of giving him notice, the court is referred, by the process act of 1792 (1 Stat. 276, § 2), to the law of the state. But no personal service whatever on the defendant, by any mode, is provided by the law of the state. Still, as the defendant was an inhabitant of the state, and either concealed therein, or only temporarily absent therefrom, its tribunals have jurisdiction over his person, ratione domicilii; and if the law of the state deems it sufficient notice to him to make it his duty to appear, to serve a copy of the writ upon any person with whom he has deposited goods or chattels, proceedings founded thereon, would, perhaps, be consistent with the principles of public law, and valid in other states. In Douglas v. Forrest, 4 Bing. 686, and Becquet v. MacCarthy, 2 Barn. & Adol. 951, the courts of common pleas and king's bench went even further than this. And though Lord Brougham says, in Don v. Lippmann, 5 Clark & F. 21, that the last-mentioned case has been supposed to go to the verge of the law, yet there is nothing in his judgment inconsistent with the exercise of jurisdiction over an inhabitant temporarily absent, provided notice be given to him as required by the law of the country having legislative authority over him. But I do not feel called on to come to any decided opinion concern-

---

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

ing the validity of these proceedings, tested by the rules of public law; because I am constrained, by the opinion of a majority of the supreme court, in Toland v. Sprague, 12 Pet. [37 U. S.] 330, to declare, that as no process against the person of the defendant was served, this court cannot render a judgment. See, also, Levy v. Fitzpatric, 15 Pet. [40 U. S.] 171. It is true, the precise question did not necessarily arise in that case, and four judges declined to express an opinion thereon. But sitting here at the circuit, I do not feel at liberty to disregard the deliberate opinion of a majority of the court, upon a point of jurisdiction, which is certainly attended with considerable difficulty. And I yield to it with less reluctance, because in this particular case, I understand there are proceedings in a state court which will doubtless secure the rights of the plaintiff; and, for the future, provision can be made by a rule, which the court has power to make under the section of the process act already cited, so far modifying the proceedings by foreign attachment, as to require a copy of the writ and of the officer's return of the attachment thereon, to be served on the defendant by leaving the same at his last and usual place of abode within the state. In my opinion the court, upon such process, so served, would have jurisdiction over an inhabitant of the state concealed or temporarily absent, provided some effectual attachment was made of his property. If no such attachment should be made, the proceeding would not be in conformity with the law. The suit must be dismissed for want of jurisdiction.