PERKINS *v.* HENDRYX *et al.*

(*Circuit Court, D. Massachusetts.* December 20, 1889.)

1. FEDERAL COURTS—JURISDICTION—NON-RESIDENTS—SERVICE OF PROCESS.
   A federal court does not acquire jurisdiction of a suit removed from a state court by virtue of an attachment made in the state court, where there was no personal service of process on defendant, a resident of another state.

2. SAME—WAIVER OF OBJECTION—REMOVAL OF CAUSE.
   Defendant does not, by appearing in the state court for the purpose of removing the case to the federal court, thereby waive any irregularity as to service of process.

On Motion to Dismiss for Want of Jurisdiction.

*Plaintiff, pro se.*

*John L. S. Roberts* and *James E. Leach,* for defendants.

COLT, J.  This suit was originally brought in the state court, and was removed by the defendants to this court.  The defendants are residents of the state of Connecticut, and no personal service was made upon them, but at the time the original writ was issued the property of the defendants in the hands of certain residents of Boston was attached.  The defendants now move to dismiss the suit for want of jurisdiction.

The *first* question which arises is whether this court acquired jurisdiction by virtue of the attachment made in the state court.  This question must be answered in the negative, because the law is settled that the United States courts have no jurisdiction in suits founded on foreign attachment, and without personal service of process.  *Toland* v. *Sprague,* 12 Pet. 300; *Chittenden* v. *Darden,* 2 Woods, 437; *Sadlier* v. *Fallon,* 2 Curt. 579.

The *second* question which arises is whether the act of the defendants in appearing in the state court for the purpose of removing the case to this court constitutes a waiver of any irregularity as to service of process.  This identical question has been several times before the federal courts for adjudication; and, so far as I have been able to examine the cases, it has been uniformly held that an appearance in the state court for the purposes of removal is not such a general appearance as to give the federal court jurisdiction.  *Hendrickson* v. *Railway Co.,* 22 Fed. Rep. 569; *Small* v. *Montgomery,* 17 Fed. Rep. 865; *Atchison* v. *Morris,* 11 Fed. Rep. 582.  In the last case, Judge DRUMMOND says:

"In fact, it may have been, among other reasons, for the very purpose of objecting to the service of summons, the defendant requested that the cause should be removed to the federal court, because, in a proper case, a party has the right to the opinion of the federal court on every question that may arise in the case, not only in relation to the pleadings and merits, but to the service of process; and it would be contrary to the manifest intent of the act of congress to hold that a party who has a right to remove a cause is foreclosed as to any question which the federal court can be called upon, under the law, to decide; and I have no doubt this is such a question."

I see no reason to doubt the soundness of the conclusion reached by the courts in the above cases on this question, and it follows that the suit must be dismissed. As the court has no jurisdiction, the defendants cannot recover costs. Suit dismissed, without costs.