CROCKER NAT. BANK *v.* PAGENSTECHER *et al.*

*(Circuit Court, D. Massachusetts.* October 8, 1890.)

FEDERAL COURTS—JURISDICTION—REMOVAL—FOREIGN ATTACHMENT.

The provision of Acts Cong. 1888, c. 866, § 1, (25 St. U. S. 433,) that no suit shall be brought in the circuit court "against any person by any original process * * * in any other district than that whereof he is an inhabitant," applies only to suits commenced in that court; and it is no bar to the jurisdiction of the circuit court of a case removed to it from a state court that defendant was not a resident of the district, and that the state court had acquired jurisdiction by foreign attachment, without any personal service.

At Law.

Acts Cong. 1887, c. 373, § 1, (24 St. U. S. 552,) and Acts 1888, c. 866, § 1, (25 St. U. S. 433,) provide that "no civil suit shall be brought before either of said courts [circuit or district courts] against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

*William Gaston* and *Frederick E. Snow,* for plaintiff.

*Louis D. Brandeis,* for defendants.

CARPENTER, J. This is a motion to dismiss the action for want of jurisdiction. The action was brought in the superior court of the state of Massachusetts on January 7, 1890, and the writ was served by foreign attachment, the sheriff returning that he was not able to find the defendants. On the return of the writ, notice of the pendency of the action was given by publication in a newspaper, pursuant to the statute of Massachusetts and to an order made in that behalf by the superior court. The action was then, on petition of the defendants, removed into this court, and the defendants file this motion to dismiss, for the reason—

"That at the time of the issuance of the writ and the commencement of proceedings herein the defendants were not inhabitants, residents, or citizens of the state or district of Massachusetts, but then were, and for a long time previous had been, and now are, residents, inhabitants, and citizens of New York; and that the defendants, or either of them, were not found within the state or district of Massachusetts, and no service of the writ or original process in this suit ever was, or ever has been, made upon them, or either of them, as appears by the return of the deputy-sheriff on the writ in this cause."

The argument of the defendants is that the court has no jurisdiction, under the provisions of the statute, (St. 1887, c. 373, § 1; 24 St. 552; and St. 1888, c. 866, § 1; 25 St. 433,) for the reasons,—*First,* that the defendants are not residents of the district of Massachusetts, and, *secondly,* that no personal service of process has been made upon them. For the support of the proposition that the courts of the United States can in no case have jurisdiction of any action in which there is not personal service they rely on the decision of Judge COLT in *Perkins* v. *Hendryx,* 40 Fed.

Rep. 657. It is, I suppose, clear that the judgment in that case could not have been rendered without finding or assuming that, as is briefly and broadly said in the opinion, the courts of the United States cannot in any case have "jurisdiction in suits founded on foreign attachment, and without personal service of process." But it is to be observed in the first place that the cases quoted in support of this proposition (*Toland* v. *Sprague*, 12 Pet. 300; *Sadlier* v. *Fallon*, 2 Curt. 579; *Chittenden* v. *Darden*, 2 Woods, 437) are all cases in which the action was originally brought in the circuit court, and they are decided, not on the broad ground that in no case can the courts of the United States have jurisdiction founded on foreign attachment without personal service, but on the ground that an action so brought does not come within the jurisdictional provisions of the eleventh section of the statute, (St. 1789, c. 20; 1 St. 73.) Those provisions prescribe the district in which suits shall be brought, and were so construed as to forbid the original jurisdiction of the circuit courts over actions in which there was no personal service on the defendant. But the question was not raised nor decided as to whether those provisions also control the jurisdiction in causes removed to the circuit court. Nor was this question apparently raised in *Perkins* v. *Hendryx*. The contention in that case seems to have been over the question "whether the act of the defendants in appearing in the state court, for the purpose of removing the case to this court, constitutes a waiver of any irregularity as to service of process." The opinion tacitly assumes that there is no distinction in this regard between cases originally brought in the circuit court and cases removed thereto, and therefore cannot be taken as an authority for the proposition on which the defendants rely. That this proposition of the defendants was not argued or decided in *Perkins* v. *Hendryx* seems also abundantly clear from the fact that the opinion of Mr. Justice GRAY in *Amsinck* v. *Balderston*, 41 Fed. Rep. 641, is not discussed or cited. In that case it is distinctly held that the provisions of law prescribing the district in which a suit shall be brought "apply only to actions commenced in a court of the United States," and that consequently the prohibitions therein implied have no application to cases removed into those courts. I agree with the reasoning of that decision, and thereupon, no less than on the authority of the case, I conclude that the motion of the defendants discloses no defect of jurisdiction, and must accordingly be denied and dismissed.