## RICHMOND *v.* BROOKINGS.

*(Circuit Court, D. Rhode Island.* November 28, 1891.)

1. **REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—FOREIGN ATTACHMENT.**
   Although the judgment in an action commenced in a state court against a non-resident by foreign attachment without personal service can bind the property only; and not the person of the defendant, yet the latter is a party to the suit in such sense that the same may be removed to the federal circuit court on the ground of diverse citizenship.

2. **SAME—DISMISSAL.**
   If the defendant could not in such case be considered a party for the purposes of removal, this would not be a ground for dismissing the cause in the federal court, but only for remanding to the state court.

3. **SAME—JURISDICTION OF CIRCUIT COURT—NON-RESIDENT OF DISTRICT.**
   Act Cong. 1888, § 1, (25 St. U. S. p. 433,) providing that no suit shall be brought in the circuit court "against any person by any original process * * * in any other district than that whereof he is an inhabitant," applies only to suits commenced in that court; and, in a case removed to it from a state court, its jurisdiction is not affected by the fact that defendant was not a resident of the district, and that the state court had acquired jurisdiction by foreign attachment without personal service. *Bank* v. *Pagenstecher*, 44 Fed. Rep. 705, followed.

4. **ATTACHMENT OF LAND—SERVICE ON NON-RESIDENT.**
   The Rhode Island statute in regard to attaching real estate requires personal service on the defendant or service by leaving a copy with some person at his residence, or, if he have no residence within the precinct of the officer, then by mailing a copy to him, and serving a like copy on the person, if any, in possession of the real estate. *Held*, that when the return shows service of a non-resident by mailing a copy to him, but makes no allusion to serving any person in possession of the land, the court has no jurisdiction.

5. **SAME—AMENDING RETURN.**
   The return may, however, be amended so as to show that no person was in possession of the lands, upon affidavits showing such to be the fact.

6. **MOTION TO DISMISS—DEMURRER.**
   The question whether the declaration states a cause of action cannot be considered upon a motion to dismiss, but must be raised by demurrer.

At Law. Action by William H. Richmond against Wilmot W. Brookings, commenced by process of foreign attachment. On motion to dismiss. Conditional order of dismissal.

*E. D. Bassett*, for plaintiff.

*C. H. Hanson*, for defendant.

CARPENTER, J. This action was commenced in the court of common pleas for the county of Providence, in the state of Rhode Island, by attachment of real estate of the defendant. The defendant was not personally served with process. He appeared specially, and filed a plea denying the jurisdiction of the court, and also a petition whereby the action was removed into this court. He now, still appearing specially, files a motion to dismiss the action "on the ground that he is not a resident or citizen of said state of Rhode Island, and was not found, or served upon personally with process, in said state or district of Rhode Island."

In support of this motion the defendant first contends that this court can have no jurisdiction of any action wherein the defendant is not personally served with process, and cites *Perkins* v. *Hendryx*, 40 Fed. Rep. 657. I have already had occasion to consider this question in *Bank* v.

*Pagenstecher*, 44 Fed. Rep. 705, and, following the reasoning of that case, I conclude that this court has jurisdiction of the present action. The defendant further contends that the court has no jurisdiction, because the action is not between citizens of different states. In this action, the argument runs, there can be no judgment which can conclusively bind the defendant. The judgment can be enforced only against the attached property. The action is therefore a proceeding *quasi in rem*, and not an action between persons. I cannot agree with this argument. The judgment, it is true, can bind only the property; but the judgment is in form against the person, and not against the property. It is therefore in its effect only, and not in its character, that the action can be called an action *in rem*; and, if this be not so, still there is no reason why the action should be dismissed. If the action is not between persons it cannot be between citizens, and hence it was improperly removed to this court, and ought to be remanded.

There are two other alleged grounds for dismissal which were argued at the hearing, but not referred to in the written motion. The first is that the return of the sheriff does not show that the writ was duly served. The statute of Rhode Island provides that the officer shall "leave an attested copy of such writ * * * with the defendant personally, or with some person at his last and usual place of abode, if any he have, within the precinct of the officer, or, if he have none, then such officer shall send such copy by mail to such defendant, * * * and shall also in the last-named event leave a like copy with the person, if any, in possession of such real estate." In this case the officer returned that, the defendant having no last and usual place of abode within his precinct, he had sent the required copy by mail, but made no return as to a copy to any person in possession. I think this return is insufficient. It is argued that, as the defendant is a non-resident, it is to be presumed that no person was in the possession of his real estate; but I see no possible ground for such a presumption. If, therefore, the return stands as at present, the action must be dismissed. The plaintiff, however, moves that the officer may amend the return by adding a statement that no person was in possession. This motion will be granted if properly and seasonably supported by affidavit to the effect that such an amended return is in accordance with the facts, the defendant having notice of the filing of the affidavit, and an opportunity to contradict it. The second ground which was argued is that the declaration does not set out a sufficient cause of action. I think this question is not properly raised by a motion to dismiss, but must be argued on a demurrer. The action will be dismissed, unless affidavit in support of the motion to amend be filed within 10 days.