PURDY v. WALLACE MÜLLER & CO., Limited.

(Circuit Court, D. Massachusetts. June 21, 1897.)

1. REMOVAL OF CAUSES—ATTACHMENT SUITS—WAIVER OF RIGHT TO REMOVE.

When an action is begun in a state court against a nonresident defendant by process of foreign attachment, without personal service, such defendant does not submit to the exclusive jurisdiction of the state court, nor waive the right to remove the cause to a federal court, by giving a bond to release the attachment in accordance with the state procedure.

2. SAME—LACK OF PERSONAL SERVICE—JURISDICTION.

Custody of a res being recognized by the federal courts as a ground of jurisdiction, as well as personal service of process, a suit begun in a state court by attachment of property, and removed into a federal court, will not be there dismissed for want of jurisdiction because there has been no personal service. Goldey v. Morning News, 15 Sup. Ct. 559, 156 U. S. 518, distinguished.

3. SAME—DISMISSAL.

When a suit commenced in a state court by attachment is removed into a federal court before the proceedings upon the attachment are complete, the fact that the federal court cannot complete such proceedings is not a reason for dismissing the action.

On Plaintiff's Motion to Remand, and Defendant's Motion to Dismiss.

Arthur Lord and James M. Newell, for plaintiff.
Charles P. Searle and William G. Thompson, for defendant.

BROWN, District Judge. This action is for breach of contract, and was begun by foreign attachment in the state court against the defendant, a corporation of New Jersey, not incorporated under the laws of Massachusetts, and having no place of business, officer, agent, or attorney therein. The only service was upon the garnishees, the case having been removed before the giving of notice to the defendant as required by the state statute in cases of foreign attachment. The plaintiff now moves to remand upon the ground that by giving bond to release the attachment, made by trustee process, the defendant has submitted to the exclusive jurisdiction of the state court, and waived the right to remove. As suggested by counsel for the defendant, the proposition that, as the price of a removal granted by an act of congress, a defendant must permit an attachment to remain upon his property, and cannot avail himself of the provisions of the state law for dissolving the attachment, involves an extraordinary limitation upon a right founded upon the constitution of the United States, and expressly granted by an act of congress. There appears no sound reason for such a limitation. In Kern v. Huidekoper, 103 U. S. 485, it was said:

"When the prerequisites for removal have been performed, the paramount law of the land says that the case shall be removed, and the case and the res both go to the federal court. The fact that the state court, while the case was pending in it, had possession of the subject-matter of the controversy, cannot prevent the removal; and when the removal is accomplished the state court is left without any case, authority, or process by which it can retain possession of the res. The suit and the subject-matter of the suit are both transferred to the federal court by the same act of removal, or when a bond

81 F.—33

for the delivery of the property has been taken, as in this case, the bond, as the representative of the property, is transferred with the suit. There is no interference with the rightful jurisdiction of the state court, and no wresting from its possession of property which it has the right to retain."

Furthermore, by the act of March 3, 1875, § 4 (18 Stat. 471), the validity of attachments in the state courts, and of all bonds, undertakings, or security given by either party, is preserved after removal. This is a satisfactory indication that congress did not intend that the giving of such a bond should prevent a removal.

In support of the motion to dismiss, the defendant contends that jurisdiction of its person has been acquired by neither court, and that it now has the right to claim the same personal privilege which it could have claimed had the case been begun in this court, and that without jurisdiction of the person the case cannot proceed, and therefore should be dismissed. The defendant relies upon the case of Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, and quotes the language of Mr. Justice Gray:

"The theory that a defendant, by filing in the state court a petition for removal into the circuit court of the United States, necessarily waives the right to insist that for any reason the state court had not acquired jurisdiction of his person, is inconsistent with the terms as well as with the spirit of the existing act of congress regulating removals from a court of a state into the circuit court of the United States. * * * The legislature or the judiciary of a state can neither defeat the right given by a constitutional act of congress to remove a case from a court of the state into the circuit court of the United States, nor limit the effect of such removal."

Admitting, merely for the purposes of the motion to dismiss, that no jurisdiction of the person has been acquired, and that the defendant may now, in this court, insist upon the point, what is the proper consequence? Does it follow that the case should be dismissed? The case of Railway Co. v. Brow, 164 U. S. 279, 17 Sup. Ct. 128, which cites the foregoing language of Mr. Justice Gray, announces the rule that:

"The party has a right to the opinion of the federal court in every question that may arise in the case, not only in relation to the pleadings and merits, but to the service of process, and [that] it would be contrary to the manifest intent of congress to hold that a party who has a right to remove a cause is foreclosed as to any question which the federal court can be called upon under the law to decide."

It is significant, however, that in the latter case Mr. Chief Justice Fuller, in the first sentence of the opinion, distinguishes the case before him from one involving a proceeding in rem or quasi in rem. These two cases establish the principle that in removed cases the federal courts will determine according to their own principles of jurisprudence the question of whether jurisdiction of the person has been acquired, but they do not decide that the courts of the United States will recognize no jurisdiction as valid unless based upon personal service or voluntary submission.

There is a third basis of jurisdiction recognized by the supreme court of the United States, namely, the custody of a res. In Pennoyer v. Neff, 95 U. S. 714, 723, it is said:

"Every state owes protection to its own citizens, and, when nonresidents deal with them, it is a legitimate and just exercise of authority to hold and

appropriate any property owned by such nonresidents to satisfy the claims of its citizens. It is in virtue of the state's jurisdiction over the property of the nonresident situated within its limits that its tribunals can inquire into that nonresident's obligations to its own citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property."

In Cooper v. Reynolds, 10 Wall. 317, it is said:

"So the writ of garnishment or attachment, or other form of service on a party holding a fund which becomes the subject of litigation, brings that fund under the jurisdiction of the court, though the money may remain in the actual custody of one not an officer of the court."

See, also, Freeman v. Alderson, 119 U. S. 185, 7 Sup. Ct. 165.

In the case of St. Clair v. Cox, 106 U. S. 353, 1 Sup. Ct. 357, Mr. Justice Field says of the case of Pennoyer v. Neff (wherein also he delivered the opinion):

"We held that personal service of citation on the party or his voluntary appearance was, with some exceptions, essential to the jurisdiction of the court." "The exceptions related to those cases where proceedings are taken in a state to determine the status of one of its citizens towards a nonresident, or where a party has agreed to accept a notification to others, or service on them, as citation to himself."

It is obviously not the purpose of the removal statutes to destroy a valid jurisdiction of the state court. Nor is it the purpose to secure to a defendant the right to litigate in the district of his own domicile, since the removal must be to the United States court for the district wherein the suit was begun. The cases of Goldey v. Morning News and Railway Co. v. Brow did not involve a consideration of the exception pointed out in Pennoyer v. Neff and St. Clair v. Cox to the general rule requiring personal service or voluntary submission. In the case of Cowley v. Railroad Co., 159 U. S. 583, 16 Sup. Ct. 131, it was said:

"The case having been removed to the circuit court upon the petition of defendant, it does not lie in its mouth to claim that such court had no jurisdiction of the case unless the court from which it was removed had no jurisdiction."

It is urged as a further reason for dismissal that the removal has rendered it impossible to carry out the provisions of the state law for giving notice to the defendant. The service of citation by publication or notice required by the Massachusetts statute in cases of foreign attachment was not made before removal, and counsel have cited many cases, including Toland v. Sprague, 12 Pet. 300, Picquet v. Swan, 5 Mason, 35, Fed. Cas. No. 11,134, Dormitzer v. Bridge Co., 6 Fed. 217, etc., to sustain the proposition that the courts of the United States have no power to give the notice required by the state law. From this it is urged that as this court cannot complete the service, and as by removal the state court is precluded from so doing, there exists no power to carry out the full procedure on foreign attachment, and that all proceedings instituted in the state court have therefore been rendered ineffective, and that not only is there no jurisdiction of the defendant's person, but also no complete attachment of property, and that the logical consequence is a dismissal. Such a conclusion is by no means necessary. If we have no power to deal with the case, this is a reason for remanding it to

a court which has such power. But is it necessary that the service by publication or notice should be completed? The object of service by publication or notice is to give the defendant due warning of the seizure of his property, and of the proceedings to appropriate it. By appearing in the state court before the lapse of the time within which notice might be given, and filing his petition for removal, wherein he recites the pendency of the suit, and alleges the dissolution of the attachment and the giving of a bond, he puts upon record conclusive evidence of his knowledge of the proceedings, and renders publication or further notice an idle formality. It is a familiar principle that a party, by appearing before service, waives it; and, although the appearance in this case was limited to the single purpose of removal, the appearance for that limited purpose is inconsistent with a claim of lack of actual notice of the existence of the case. Had the defendant waited until publication had been made or notice given, and then removed the case, he might then have objected in this court that the state statute had not been complied with. As a valid jurisdiction of the state court depends upon seizure of property, with seasonable notice to the defendant, it would seem reasonable to hold the appearance for purposes of removal, and the removal, which prevented further notice, a complete substitute for the notice required by the statute, and that the case should now stand exactly as if proper notice had been given, and full compliance with the Massachusetts statute had been made before removal. But, even if this is not the true view, the defendant's objection would lead, not to a dismissal, but to a remanding of the case, and therefore does not support the motion to dismiss. I think, moreover, that it is a serious question whether a defendant, by removing a case begun in a state court by a valid proceeding of foreign attachment, has not, by the very act of removal, submitted his person to the jurisdiction of the federal court, and that the decision in Goldey v. Morning News is not inconsistent with such view. The proceeding in that case could be regarded only as a personal action,—a personal action open to the objection that, according to the general rules of law, there had been no valid service. If there had been no proper service, there was no jurisdiction in either court which could be regarded as valid. The present case is substantially different. After seizure of the property, the case may, at the election of the defendant, assume either of two forms,—that of a proceeding in which only the res is involved, or that of a personal action between individuals. It is by treating it as the latter that the defendant comes within the provisions of the statute of removals, and introduces the necessary element of diverse citizenship. If the defendant does not appear and is not served, as was said in Cooper v. Reynolds, 10 Wall. 308, 312, the case becomes in its essential nature a proceeding in rem. If it is to be so regarded after removal, then should not the case be remanded, as not within the provisions of the statute authorizing the removal of suits between citizens of different states? If, on the other hand, the defendant treats it as a personal action, it becomes so, not by virtue of the service of process, but by virtue of its own act in electing to treat a proceeding in rem or quasi in rem, requiring

no personal service within the jurisdiction, as a personal action. But, in whatever light these questions may be regarded, I am satisfied that the proper alternative is, not to retain jurisdiction or to dismiss, but to retain jurisdiction or to remand. Bliven v. Screw Co., 3 Blatchf. 111, Fed. Cas. No. 1,550. The question of dismissal in a case like the present has been the subject of prior adjudication in this circuit. Perkins v. Hendryx, 40 Fed. 657 (decided in 1889), is a direct authority for the granting of the motion to dismiss. In the later cases of Bank v. Pagenstecher, 44 Fed. 705, and Richmond v. Brookings, 48 Fed. 241, however, like motions to dismiss were denied, and jurisdiction was retained; the court intimating in the case of Richmond v. Brookings that the judgment could bind only the property. Considering this conflict of decision, and the language of the supreme court in the various cases above cited, I think that the present motion should be so dealt with as to recognize and preserve the validity of the jurisdiction acquired by the attachment in the state court, and also to recognize the right of the defendant to have the case remain in this court as a proceeding in personam, or even to claim hereafter, if it shall so elect, that the matter should remain here as a proceeding quasi in rem affecting the attached property merely according to the intimation in Richmond v. Brookings, 48 Fed. 241.

The motion to remand is therefore denied, not upon a decision of the question whether we can retain jurisdiction if the defendant does not choose to plead, but because the defendant has not, by giving bond to release the attachment, waived the right to remove. The motion to dismiss is denied on the ground that of the possible modes of dealing with the case, viz. dismissal, remanding, or retaining jurisdiction over the proceeding either as in personam or quasi in rem, the course urged by the defendant (i. e. dismissal) is improper. It would at this time be premature to decide either that the court has acquired full jurisdiction of the person of the defendant, or that it may retain the case, as a proceeding quasi in rem, without jurisdiction of its person, since counsel have not been heard upon these questions. To remand the case upon grounds other than those set up in the motion would deprive the defendant of the right to plead to the merits and thereby obtain the benefit of the removal statute, and also of the right to be heard upon the question of whether the case may proceed in this court as a proceeding quasi in rem, involving only the attached property. The motion to remand is denied. The motion to dismiss is denied. The defendant is allowed 30 days within which to plead or to take such other proceedings as it may deem proper.