CONLEY v. MATHIESON ALKALI WORKS.

(Circuit Court, S. D. New York. June 12, 1901.)

1. FOREIGN CORPORATIONS—SERVICE OF PROCESS.

In a personal action against a foreign corporation, which does not do business within the state, service upon an officer or agent temporarily within the state is not a good service on the corporation.[1]

2. REMOVAL OF CAUSES—EFFECT AS APPEARANCE—MOTION TO SET ASIDE SERVICE.

The removal of a cause into a federal court by a defendant does not preclude him from afterwards objecting in such court to the sufficiency of the service.

On Motion to Set Aside Service of Summons After Removal of Cause.

John G. Agar, for the motion.
W. W. MacFarland, opposed.

LACOMBE, Circuit Judge. If the facts are as stated in the affidavits submitted by defendants, namely, that at the time of the service of the summons, and for some months prior thereto, the defendant corporation had entirely ceased doing business within this state, the application should be granted. The cases of Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, and Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431, are controlling. Whether or not the defendant owns property within the state which is subject to attachment, as appears to have been the case in Purdy v. Wallace Muller & Co. (C. C.) 81 Fed. 513, is immaterial, inasmuch as service in this case was not made upon the garnishees. The affidavits presented by the complainant are mainly on information and belief, but annexed to them is a letter, the genuineness of which is not questioned, which bears date March 15, 1901, two months and a half after the alleged cessation of business at Niagara Falls, and signed by the treasurer of the defendant corporation, in which he speaks of the plant at Niagara Falls as still being operated by the defendant. Under these circumstances, the court would not be warranted in granting this motion, in view of the conflict of fact. If, however, the defendant feels assured that the apparent discrepancy

[1] Service of process on foreign corporations, see note to Eldred v. Palace Car Co., 45 C. C. A. 3.

can be explained, and is willing to pay the expenses of a reference, it may be sent to a master to take testimony, and report to the court whether or not at the time of the service of the summons the defendant corporation was doing business within this state.