## WELLS v. CLARK.

### (Circuit Court, D. Montana.   March 20, 1905.)

### No. 259.

1. JURISDICTION OF FEDERAL COURTS—MANNER OF MAKING SERVICE—CON-
FORMITY STATUTE.

Rev. St. § 914 [U. S. Comp. St. 1901, p. 684], requiring conformity to
the state practice, applies only to matters of practice and procedure, and
does not appertain to jurisdiction, or the mode of obtaining jurisdiction
of the person in actions brought in the federal courts.

[Ed. Note.—Federal courts following state practice in service of process,
see notes to O'Connell v. Reed, 51 C. C. A. 599; Nederland Life Ins. Co.
v. Hall, 27 C. C. A. 393.]

2. REMOVAL OF CAUSES—ESTOPPEL TO DENY JURISDICTION OF FEDERAL COURT
—ATTACHMENT SUIT.

Where an action by attachment against a nonresident pending in a state
court having jurisdiction, in which property has been attached, and the
plaintiff is proceeding in conformity to the state statute to obtain service,
is removed by the defendant to the federal court on the ground of diver-
sity of citizenship, such removal confers upon the federal court jurisdic-
tion of the defendant's person, and that court may proceed to render a
personal judgment against him, to be satisfied from the proceeds of the
attached property.   The removal statute cannot be so construed as to
permit a defendant to oust the rightful jurisdiction of a state court
· by a removal, and then obtain a dismissal of the action in the federal
court for want of jurisdiction.

On Motion to Quash Service of Summons.

McConnell & McConnell, for plaintiff.

W. M. Bickford and Geo. F. Shelton, for defendant.

HUNT, District Judge.   Plaintiff commenced this action in the dis-
trict court of the state of Montana in and for the county of Lewis and
Clarke to recover judgment against the defendant for the sum of $2,500
and interest and attorney's fees alleged to be due upon a promissory
note made by the defendant on December 28, 1903, wherein he promised
to pay to the Union Bank & Trust Company $2,500, with interest at
the rate of 6 per cent. per annum from date until paid.   It is alleged
that the Union Bank & Trust Company on September 19, 1904, in-
dorsed, assigned, and delivered the promissory note sued upon to the
plaintiff herein.   Summons in due form was issued out of the district
court aforesaid.   An affidavit for attachment, duly made under the
laws of the state of Montana, was filed on September 20th, together
with the necessary undertaking, and writ of attachment issued to the
sheriff of Silver Bow county, Mont.   On September 23d the sheriff
of Silver Bow county made his return to the writ, certifying that by
virtue thereof, on September 22, 1904, he attached the interests of the
defendant, C. W. Clark, in and to certain real estate in Silver Bow
county, standing on the records in the name of Katherine Q. R. Clark.
On October 18, 1904, the defendant, C. W. Clark, appearing specially
for the purpose of the motion and no other, and waiving no right to
object to the jurisdiction of the district court over his person or prop-
erty, filed a petition in the said district court for the removal of the
suit to the United States Circuit Court.   The ground of this motion

was based upon the fact that C. W. Clark was at the time of the commencement of this suit and at the time of motion a citizen of the state of California, residing in said state, and that the plaintiff therein was a citizen of the state of Montana. Defendant furnished the necessary bond on removal, and upon October 18th the district court of the state ordered that the cause be removed for trial to the Circuit Court of the United States for the District of Montana. After the transcript on removal had been filed and entered in this court, on November 3, 1904, N. W. McConnell, Esq., counsel for the plaintiff, filed an affidavit setting forth the institution of the action in the district court of the First Judicial District of the state, and the issuance of summons, the nature of the action, together with a statement that defendant resides out of the state of Montana, and cannot, after due diligence, be found therein. In support of affiant's statements he alleged in his affidavit that George F. Shelton, Esq., attorney for defendant, had filed a petition, appearing specially for that purpose, for the purpose of removing the cause from the said district court to the United States Circuit Court; and in said petition it was alleged that defendant was a resident of the state of California. The affidavit further stated that personal service of the summons issued could not be had on the defendant, and prayed for an order that service of the summons in the case might be made by publication thereof. The clerk of the court thereafter made an order reciting that, it satisfactorily appearing by the affidavit of N. W. McConnell, Esq., that the defendant had departed from and resides out of the state of Montana, and that a good cause of action exists in favor of plaintiff and against defendant, and it further appearing that summons had been duly issued out of the state district court, and that personal service could not be made upon the defendant for reasons stated, and that service of summons could be made upon defendant by publication at least once a week for four successive weeks, and it appearing that the residence of the defendant was known to be at the city of San Mateo, Cal., therefore a copy of the summons and complaint should be deposited in the United States post office at Helena, Mont., directed to the said defendant at his place of residence. On December 6th thereafter the defendant filed a motion to quash service of summons, the motion being in the following language:

"Now comes the above-named defendant, and appearing specially for the purpose of this motion, and for no other purpose, and not in any way acceding or consenting to the jurisdiction of the court, except so far as may be necessary for the purposes of this motion, and moves the court to quash the pretended service of summons in this cause upon the grounds and for the reasons following, to wit: (1) That the said summons has never at all or in any manner been served upon the defendant herein personally in the state and district of Montana, nor has the defendant ever at any time waived service of summons, or voluntarily entered his appearance in this cause. (2) That the publication of service herein, wherein and whereby the said summons has been published in a newspaper, does not give the court any jurisdiction over the said defendant, nor is such service by publication permissible or in accordance with the rules of procedure in the United States court, nor is the same sanctioned or authorized by any law of the United States, and the said pretended service of summons by publication is wholly and absolutely void under the laws of the United States."

The records show that pursuant to the order of the clerk publication of summons was made for four successive weeks, as required by the laws of the state, and that a personal service of a copy of the summons and complaint was made upon defendant at San Mateo, Cal., on December 29, 1904, by the United States marshal in and for the Northern District of California, wherein the defendant resides. Sections 637, 638, Code Civ. Proc. Mont.

Section 914 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 684] applies only to matters of practice and procedure, and does not appertain to jurisdiction, or the mode or manner of obtaining jurisdiction of the person in the courts of the United States in actions brought in the federal courts. Harland v. United Lines Tel. Co. (C. C.) 40 Fed. 308, 6 L. R. A. 252. The right to attach is conferred by section 915 of the Revised Statutes, which provides that:

"In common law causes in the Circuit and District Courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof; and such Circuit or District Courts may, from time to time, by general rules, adopt such state laws as may be in force in the states where they are held in relation to attachments and other process: provided, that similar preliminary affidavits or proofs, and similar security, as required by such state laws, shall be first furnished by the party seeking such attachment or other remedy."

Under the acts of Congress of March 3, 1875, c. 137, 18 Stat. 470, and August 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], amending the act of March 3, 1875, the jurisdiction of the Circuit and District Courts was more closely defined by the following language of section 1:

"And no civil suit shall be brought before either of said courts against any person by original process or proceeding in any other district than that wherein he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The limitations in the statute just quoted restrict its operation to civil suits brought before either Circuit or District Courts against any person "by original process or proceeding." It was held in Perkins v. Hendryx et al. (C. C. 1889) 40 Fed. 657, that a federal court does not acquire jurisdiction of a suit removed from a state court by virtue of an attachment made in a state court, where there was no personal service of process on defendant, a resident of another state; and, furthermore, that a defendant does not, by appearing in the state court for the purpose of removing the case to the federal court, thereby waive any irregularity as to service of process. The doctrine of that case finds general approval in Black's Dillon on the Removal of Causes, § 203. But in Crocker Nat. Bank v. Pagenstecher et al. (C. C. 1890) 44 Fed. 705, the court distinguished the cases cited in the opinion of Judge Colt in Perkins v. Hendryx et al., supra, by drawing attention to the fact that they were all cases in which the action was originally brought in the Circuit Court, and were not cases removed to the Circuit Court. In Richmond v. Brookings (C. C. 1891) 48 Fed. 241, the case of Perkins v. Hendryx was again disapproved of. In Purdy v. Wallace Muller Co., Limited (C. C.) 81 Fed. 513, an action was begun in the state court

against a nonresident defendant by process of foreign attachment, without personal service or voluntary submission on the part of the defendant to the jurisdiction of the court.   Judge Brown, of the United States District Court of Massachusetts, held that custody of a res being recognized by the federal courts as a ground of jurisdiction, as well as personal service of process, a suit begun in a state court by attachment of property, and removed into a federal court, will not be there dismissed for ·want of jurisdiction because there has been no personal service. The case of Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, is distinguished as one not having involved the consideration of the exception pointed out in the case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, and St. Clair v. Cox, 106 U. S. 353, 1 Sup. Ct. 354, 27 L. Ed. 222, to the general rule regarding personal service or voluntary submission.   "It is obviously not the purpose of the removal statute," says Judge Brown, "to destroy a valid jurisdiction of the state court.   Nor is it the purpose to secure to a defendant the right to litigate in the district of his own domicile, since the removal must be to the United States court for the district wherein the suit was begun."   Tallman v. Baltimore & O. R. Co. (C. C.) 45 Fed. 156.   In Cowley v. Northern Pacific Railroad Co., 159 U. S. 583, 16 Sup. Ct. 131, 40 L. Ed. 263, the principle which controls was clearly stated:

"The case having been removed to the federal court upon the defendant's petition, it does not lie in its mouth to claim that the court has no jurisdiction of the case, unless the court from which it was removed had no jurisdiction."

The jurisdiction which the state court acquired by attachment created jurisdiction in the federal court when the action was removed, for the reason that by virtue of the attachment in the state court the property attached was brought into the cusody of the federal court.

Has the defendant had notice, or, if not, how, and what, notice shall· be given to him, so that the federal court may now proceed to render judgment and subject the property attached to the payment of the debt sued upon?   The right of removal and the removal are based upon the fact of diverse citizenship.   The one court lost and the other acquired jurisdiction on this account.   Here defendant has voluntarily interrupted service of summons in the state courts by exercising his right to remove the case to this court.   Having based his petition upon the fact that he is a citizen of California, and having given the necessary bond, it ought to follow that, although he appeared in the state court solely to remove the case, and would limit his appearance in this court to an attempt to have the action dismissed from it, yet, by his voluntary act in preventing the full notice contemplated by the state law, by removing the case, relying upon such diverse citizenship, he has given this court jurisdiction of his person, and authorized judgment which will not only subject his property to the payment of the debt involved, but in personam.   The satisfaction of any judgment rendered in the federal court against the defendant must be limited to the proceeds realized from the sale of the property attached, but the judgment is in form against the person.   I believe the correct rule to be that jurisdiction to remove carries with it jurisdiction to proceed, and that, where the action was properly instituted in the state court, and attach-

ment was ·had, and where petitioner relies solely upon a diversity of citizenship for removal, any construction which would allow a suit to be removed merely for the purpose of dismissing it would not be sound. U. S. v. Ottman, 1 Hughes, 313, Fed. Cas. No. 15,977; 11 Meyer's Fed. Dec. §§ 1638-1643; Sayles v. Northwestern Ins. Co., 21 Fed. Cas. 608; Tootle v. Coleman, 107 Fed. 44, 46 C. C. A. 132, 57 L. R. A. 120; Elliott v. Shuler (C. C.) 50 Fed. 454.

In the argument of the learned counsel for the plaintiff, while he expressed confidence in the position that by removing the case the jurisdiction of this court attached to the person as well as to the property of the defendant, he also suggested that constructive service, as provided by the laws of the state, was authorized in the federal courts under section 914; and that service of summons by publication and by serving a copy of the complaint and the summons upon the defendant had been made in case it might be decided that these steps were necessary. But as I believe that the acts of the defendant have given jurisdiction of his person and authorize judgment against him to the extent indicated, the additional steps had by publication of summons and the service of a copy thereof and of the complaint, though pursued by plaintiff, were not essential.

The motion to quash is overruled.