## JOHNSON v. UNION PAC. R. CO.

### (Circuit Court, D. Rhode Island. April 26, 1906.)

### No. 2,792.

1. GARNISHMENT—PROPERTY SUBJECT TO GARNISHMENT—RIGHTS OF GARNISHEE.

A railroad company, having in its possession within a state freight cars owned by another company whose lines of road are in other states, under an arrangement giving it the right to use such cars in its business in that and other states, until it should be convenient to return them loaded at some point on the owner's road, has such an interest in them and right to their use that it cannot be compelled to surrender them as garnishee in an action by foreign attachment against the owner in the state where they are found, or to return them to such state after their use elsewhere, and an attempted attachment by service of such garnishment does not give the court jurisdiction.

2. SAME—SITUS OF INDEBTEDNESS—CONSOLIDATED CORPORATION.

A railroad company was incorporated under the same name in three different states and operated a line of road extending through all of them. The business was conducted as that of a single corporation having one set of directors and officers. *Held* that, whether regarded as a single corporation incorporated in three states or as three corporations practically consolidated by their stockholders, there was such practical unity that the situs of an indebtedness due to another company arising out of the operation of the road for the purposes of garnishment was in either one of the three states.

3. SAME—INDEBTEDNESS ARISING OUT OF INTERSTATE COMMERCE.

The fact that an indebtedness due to a nonresident railroad company arose out of the conducting of interstate commerce does not exempt it from garnishment under a foreign attachment.

On Motion of Defendant to Dismiss for Want of Jurisdiction.

Alfred S. Johnson and Lewis A. Waterman, for plaintiff.

Gardner, Pirce & Thornley, for defendant.

BROWN, District Judge. This is an action on the case for negligence, brought by the plaintiff Johnson to recover damages for personal injuries suffered upon a line of railway operated by the defendant in the state of Kansas. The writ was sued out of the superior court of the state of Rhode Island for Providence county. It commanded the attachment of the goods, chattels, and real estate of the defendant; also the attachment of the personal estate of the defendant "in the hands or possession of the New York, New Haven & Hartford Railroad Company, a corporation duly created, doing business in part in Providence, county of Providence, as trustee of the said defendant."

The plaintiff proceeded under section 524, p. 153, of the Court and

Practice Act, passed by the General Assembly of Rhode Island at its January session, 1905. This act provides that actions at law sounding in tort may be instituted against nonresidents, having property within the state, by original writ of attachment. Service was made upon the garnishee or trustee named in the writ. The defendant appeared specially in the state court, representing that the matter and amount in dispute exceeded the value of $2,000; that the controversy was between citizens of different states; that the defendant was a corporation organized and existing under the laws of the state of Utah, a citizen and resident of the state of Utah, and a nonresident of the state of Rhode Island. An order of removal was entered in the state court. The defendant, appearing specially, now moves this court for a dismissal of the action for lack of jurisdiction. This raises the question: Has the plaintiff succeeded in making an attachment?

By the garnishee's affidavit, it appears that, at the dates of several services upon it, it had in its possession certain freight cars belonging to the defendant, but that it held the same under an arrangement with the defendant whereby the New York, New Haven & Hartford Railroad Company has a right to use the cars in its own business until such time as it may find it convenient and proper to return the same reloaded with freight to some point on or near or reached by the line of railway of the defendant.

The defendant contends that the garnishee has such an immediate interest in the property, and such a right of use of the cars, that when it has exercised this right the cars will have reached the possession of the defendant in a foreign jurisdiction, and that it will be beyond the power of the garnishee to return the cars, or of the court to obtain a return. It is urged that the garnishee cannot be deprived of its right to use the property by reason of a controversy between other parties in which it has no interest, citing Drake on Attachment (3d Ed.) p. 462, as follows:

"It is an invariable rule that under no circumstances shall a garnishee, by the operation of proceedings against him, be placed in any worse condition than he would be in if the defendant's claim against him were enforced by the defendant himself"—citing, also, C. F. Wall v. Norfolk & Western Ry. Co., 52 W. Va. 485, 44 S. E. 294, 64 L. R. A. 501, 94 Am. St. Rep. 948; Michigan Central R. R. Co. v. Chicago, Michigan & Lake Shore R. R. Co., 1 Ill. App. 399; Connery v. Quincy, Omaha & Kansas City R. R. Co. (Minn.) 99 N. W. 365, 64 L. R. A. 624, 104 Am. St. Rep. 659.

The plaintiff argues that, in the case at bar, there was no express agreement giving to the New York, New Haven & Hartford Railroad Company the right to use the cars; and it is objected that the defendant relies merely upon a custom, and that that custom is of the most vague and indefinite kind. It is contended that this is, in effect, merely a license or privilege to use cars for hire practically as it sees fit, and must yield to the greater right of a creditor and a resident of this state to attach the property. It is urged that the rule that the garnishee cannot be placed in a worse position by the attachment has its exceptions, and does not permit a garnishee to return the goods or articles attached, freed from the attachment, to the owner.

The proposition that the plaintiff, in trustee process, cannot be

placed in a better position than the principal defendant, is recognized in Waldron v. Wilcox, 13 R. I. 518, 520; Brown v. Collins, 18 R. I. 242, 27 Atl. 329; Smith v. Millett, 11 R. I. 528.

It is difficult to see upon what principle the plaintiff can be allowed, by his attachment, to destroy the right of the New York, New Haven & Hartford Railroad Company to use these cars in the state of Rhode Island, to load them with freight, and to transport them through or into other states. It is also quite clear that the burden of returning these cars from another state to the state of Rhode Island cannot be imposed upon the garnishee. The cases cited by the defendant are direct authorities for this position. It therefore becomes unnecessary to consider the general question of the right to make garnishment of rolling stock, or whether such garnishment would constitute an obstruction of or interference with interstate commerce. I am of the opinion that the jurisdiction of this court cannot be supported by virtue of the attempt to attach the defendant's cars in the possession of the garnishee.

The next question is whether the plaintiff has succeeded in garnishing a debt due from the garnishee to the defendant.

The garnishee makes oath that the New York, New Haven & Hartford Railroad Company, in addition to its incorporation in Rhode Island, is incorporated by act of the Legislature of the state of Connecticut, in which state the corporation was first organized under that name, and by the Legislature of the commonwealth of Massachusetts, and operates various lines of railway in Connecticut, Massachusetts, Rhode Island, and New York; that the corporations incorporated by all of said states are administered by one board of directors, and by a single corporate organization; that the principal office is in the state of Connecticut, the first incorporating state.

The garnishee sets forth that, at the times of various services upon it, there were due and payable in the state of Connecticut, from the various corporations known as the New York, New Haven & Hartford Railroad Company to the Union Pacific Railroad Company, certain sums, as the balances due on accounts between the Union Pacific Railroad Company and the New York, New Haven & Hartford Railroad Company; that the consideration for the charges by the Union Pacific Railroad Company against the New York, New Haven & Hartford Railroad Company, from which said balances accrued, was in part for use by the New York, New Haven & Hartford Railroad Company of cars of the Union Pacific Railroad Company, in part for tickets sold by the New York, New Haven & Hartford Railroad Company upon some part of its system as aforesaid, the proceeds of which were payable to the Union Pacific Railroad Company, and in part for repairs made by the Union Pacific Railroad Company upon cars belonging to the New York, New Haven & Hartford Railroad Company; that all accounts out of which said balance grew were kept at the principal office of the New York, New Haven & Hartford Railroad Company in New Haven, in the state of Connecticut; that the balances due were payable at said principal office; that the situs of said indebtedness was at the main office in New Haven.

The garnishee further swears that it is impossible to state how much, if any, of said balances was due from the Rhode Island corporation, or how much was due to said Union Pacific Railroad Company from said Rhode Island corporation or from any of said corporations for or by reason of the use of any of its cars in the state of Rhode Island, or for tickets sold as aforesaid within said state.

It sufficiently appears from the garnishee's affidavit that the New York, New Haven & Hartford Railroad Company does business in three states under a single administration.

It is the defendant's contention that the Rhode Island incorporating act of May 17, 1893 (Acts & Resolves, January Session, 1893, p. 377), created an independent Rhode Island corporation; that it did not merely reincorporate a foreign corporation in this state; that consequently the Rhode Island corporation can be liable only for an unascertainable proportion of the balance due to the Union Pacific Railroad Company; and that this is a liability which it owes to the Connecticut corporation rather than to the Union Pacific Railroad Company directly.

The status of the New York, New Haven & Hartford Railroad Company has been before the courts of this circuit. Smith v. N. Y., N. H. & H. R. R. Co. (C. C.) 96 Fed. 504; Goodwin v. N. Y., N. H. & H. R. R. Co. (C. C.) 124 Fed. 358. In these cases the questions related to citizenship.

It does not seem necessary, however, to determine whether the Legislature of Rhode Island reincorporated in this state a pre-existing corporation of the state of Connecticut, or of Massachusetts, or created a new corporation of Rhode Island with the same name and powers within this state. Whether the garnishee is a single corporation incorporated in three states, or three corporations which practically have become so consolidated that their affairs cannot be separated, I am of the opinion that the situs of the indebtedness on the joint or consolidated business, for the purposes of garnishment, is in either state.

The practical inconvenience of adopting any other view is so great that we should hesitate to confuse by judicial decision what the stockholders of the various corporations of the New York, New Haven & Hartford Railroad Company have seemed to regard as a very simple arrangement. In Goodwin v. N. Y., N. H. & H. R. R. Co. (C. C.) 124 Fed. 358, 370, Judge Lowell said:

"Whether the organization is deemed (1) a single corporation, (2) one corporation with several aspects, (3) several separate corporations of which only one is recognized in each of the creating states, or (4) several separate corporations each recognized everywhere, is of no importance, except for the practical results which follow the adoption of one fiction or another. * * * It is not a question of justice, but of ultimate convenience, in what court a corporation may sue or be sued. It is injustice, and not mere inconvenience, that an organization of any kind shall be compelled to pay its debts twice over. In selecting a fiction, moreover, it may sometimes be wise to take one which has some slight inconvenience in practical results, if its logical development is generally convenient, rather than another which has a slight advantage in some respect, but whose logical development would lead to such injustice that exceptions and subfictions must be numerous and strained."

What the stockholders of the New York, New Haven & Hartford Railroad Company have joined together so completely for their business convenience cannot be practically separated when it comes to the question of the situs of an obligation for purposes of garnishment. There is a practical unity of organization extending over three distinct jurisdictions. If we are to separate the corporations sharply, the same reasons which exist for denying that the situs of the debt is in Rhode Island would exist for denying that it is either in Massachusetts or Connecticut. The result would be that what, from a practical point of view, is a single obligation, would, by an artificial division, require either a difficult accounting to determine the proportional parts of the obligation assumed by each corporation, or would require us in each instance to dismiss a suit begun by garnishment of the New York, New Haven & Hartford Railroad Company. The location of a business office for the transaction of affairs of the three corporations in the state of Connecticut cannot compel the plaintiff to resort to that jurisdiction.

It is further contended that no garnishment process can run against accounts payable to a foreign railroad corporation arising out of the conduct of interstate commerce. The defendant relies upon Philadelphia S. S. Co. v. Pennsylvania, 122 U. S. 326, 7 Sup. Ct. 1118, 30 L. Ed. 1200. I am unable to see the applicability of that case. That a state tax upon the gross receipts of a steamship company, derived from the transportation of persons and property by sea, is held to be a regulation of interstate and foreign commerce in conflict with the exclusive powers of Congress under the Constitution, does not lead to the conclusion that the earnings of a railroad company in interstate commerce are free from attachment for its debts. There is no analogy between the cases, and no authority is cited having any tendency to support the defendant's proposition.

I am of the opinion that the state court acquired a limited jurisdiction by virtue of the attachment of a res, and that such jurisdiction cannot be destroyed through removal proceedings, and a dismissal by this court. Purdy v. Wallace Muller Co. (C. C.) 81 Fed. 513.

In deciding that the motion to dismiss must be denied, I do not decide, however, that this court has yet acquired final jurisdiction of a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000. Upon the garnishee's affidavit, a doubt arises whether the attachments exceed in the aggregate the amount of $2,000. Unless the defendant shall enter a general appearance, or unless the allegations in the removal proceedings give to this court a jurisdiction broader than that which may have been acquired by the state court through the attachments, it may become necessary to remand the case to the state court. See Purdy v. Wallace Muller Co. (C. C.) 81 Fed. 513.

The motion to dismiss is denied.

The defendant is allowed 10 days to plead, or to take such other proceedings as it may deem proper.